The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention for the Court is now sitting. God save the United States and this Honorable Court. All right, be seated, please. All right, it's good to see a council here today. We didn't have the blizzard down here. We'll begin with Freight Drivers Pension Fund v. Mrs. Penske and Mr. Bott, is it? Ms. Bott. Cory Bott. Thank you. Thank you, Your Honor, and good morning. My name is Cory Bott and I represent the appellant Freight Drivers and Helpers Local Union No. 557 Pension Fund in this matter. May it please the Court, the District Court's decision should be vacated for two alternative reasons. First, the exclusive method by which to bring an action challenging an arbitrator's award pursuant to Section 4221 of ERISA is by complaint. Second, if the Court were persuaded that the arbitrator's award pursuant to Section 4221 were by motion, on the facts in this case, the equities require hearing of the merits of the dispute. The title itself of Subsection B of Section 4221 mandates that a party seeking to enforce, vacate, or modify an arbitrator's award must do so by complaint. The subsection relevant to this action is 4221B2, and the relevant part is entitled Civil Action Subsequent to Arbitration Award. 4221B2 provides that upon completion of the arbitration proceedings in favor of one of the parties, either party may bring an action pursuant to Section 4301 of ERISA. Section 4301, similarly, is entitled Civil Actions, and it describes the actions for appropriate legal or equitable relief parties adversely affected may bring under the statute. The subsections of Section 4301 are replete with reference to action, echoing the title of the section, and notably, Section 4301G explicitly references Section 4221, providing that a copy of the complaint in any action under Section 4301 or Section 4221 shall be served on the PBGC by certified mail. How do we know that's not a reference back to Subsection B1 in 1401? Certainly it is. It's a reference to the entirety of Section 4221, and I think if Congress had intended to limit it to Section 4221B1, it certainly would have done so, but in this section, it references the whole Section 4221, not specifically Section B1. The argument for read—I mean, you could read it as being an allusion back to B1, and that would allow it to be sort of consistent with the underlying rule that if you want to challenge an arbitrator's award, you proceed by motion. It would have the virtue of making sense of sort of this whole body of law. Well, Section 4221B1 deals with alternative collection— You don't have the USC sections. I'm having a little trouble. I'm sorry. I'm using the USC numbers. Sure. Okay. So I'm referring when I— I'm looking at B1, and B1 says, may bring an action for collection. That's right. That's a collection action. So that doesn't deal with actions to enforce, modify, or vacate an arbitrator's award. Well, it seems to me you've overlooked a couple of arguments that you have, and one is that when you go back to the reference to, what was it, 451? 1451? That refers back. It makes a distinction between actions, for instance, C, 1451C. District courts of the United States shall have exclusive jurisdiction of an action under this section, and if the argument were that this just refers to collection action, then they couldn't have said the last sentence, which is that in a collection action, the first sentence says, in any action, the district court shall have it, and then it carves out a collection action and says jurisdiction shall be concurrent in state and federal courts. If it was referring just to collection action, it wouldn't have added that, and the second argument is they're using action throughout the whole thing to mean a civil action, which involves the filing of a complaint, and, of course, none of you referred to Rule 3, which says how a civil action is commenced. I do believe that the fund's brief does reference Civil Action 3, Federal Civil Procedure 3, and the fund is in agreement with your analysis of 4301. To me, this is a statutory interpretation. We need to look at the whole statute, and they use the word action throughout using the very same word, and then they say commence an action to modify an award, file an action under 1451. You go under 1451, and the action there seems to be referring to a civil action, which is commenced with a filing of a complaint because of G, and then the argument to the contrary is, well, 1451 really only deals with collection actions, which are carved out, but collection actions are carved out only for purposes of jurisdiction to say that federal and state courts have jurisdiction over collection actions, whereas federal courts have jurisdiction exclusively over all other actions, and then you go back to 1401, and it says you file an action for modifying and enforcing the other things. The question is how can we read within the same section the one instance and not an action to modify in another instance? It's incomprehensible. If you were to read action to mean motion, I think they might be inconsistent. I agree that they are inconsistent, and that would bring me to another argument of the funds that if you were not persuaded that the action should be initiated by complaint with its replete reference in both section 4221 and section 4301, and I'm sorry, I'll do the USC sections, 1401 and 1451. If you were persuaded that instead 1401B3 applied, which refers to... It does apply. It talks about the arbitration proceedings. That's correct. The arbitration proceedings are to be governed according with the Arbitration Act. You select the arbitrators. You issue subpoena powers. You have witnesses. You have findings. There's all kinds of rules in the Federal Arbitration Act that govern arbitration. There is also, if there weren't anything else, there's also you enforce it with a motion, but this statute seems to say you enforce it with an action. The question is, are we going to read action in this section to be a motion consistent with the Arbitration Act, or are we going to read action consistently within 1401, 1451 to be a civil action under Federal Rule 3? It looks to me like Congress intended that because G indicates the filing of a complaint. We don't look at headings, but headings all talk about civil actions. Just following up on that, do you have a theory for why Congress would have made that judgment, what the point would have been? My understanding was that the whole point of going by way of arbitration is that it streamlines the proceedings, it goes quickly, and that a motion is consistent with that, whereas filing a complaint starts a whole new action and things are going to be a little slower now and there's going to have to be a motion to dismiss. Why would every other context you should go with a motion, but in this context alone, a complaint makes more sense? I think consistent with what Judge Niemeyer said, that Congress intended for a majority of the situations to proceed by complaint. I don't think that it's necessarily inconsistent with the mandate for an expeditious review by arbitration. I know that you think it won't slow things down that much, so let me just kind of try to sharpen my question. Why would Congress have thought that in this one context, it should be a complaint, whereas in most cases under the Arbitration Act, you proceed by motion? What's the point of separating out this context? I think that the FAA applies only to the No, what I'm saying is that the FAA, by the title of Section 1401B3, that section is referring to arbitration proceedings and their pendency, and so I think Congress intended for the FAA to apply to the way the proceedings are to be conducted, the enforcement of subpoena powers, which could only be enforced in the district court. There's a lot of rules. The main rule, and this is along the lines that Judge Harris is asking, the main rule is that when it gets to court, the deference is unbelievably strong, that you can only set aside an award for a few things, an arbitration award, in the action, and that's usually handled very quickly with a summary judgment motion. Apparently, all these cases, except for the Western District of Missouri, all these other cases, that's what they did, and they didn't have any trouble getting rid of it quickly. The streamlining is the arbitration procedure, which gets it going pretty quickly. The question is why did Congress not employ the entire motion? It's a curiosity, I guess. Well, I think that Congress intended for the judiciary to have a greater review. I mean, obviously, there are inconsistencies between MEPA and FAA with regard to standards of review, as Judge Neubreier pointed out. There are also differences in the statute. If you file an action to modify the arbitration award under this statute, don't you think that absent any standards set forth in 1401 or 1451, that the standards of deference will be controlled by the FAA? Section 10. I mean, yes, Section 10. I mean, if that's how the statute were read, obviously, the fund doesn't read it that way. If this is going to be a civil action to modify the arbitration award, what are the standards for deference to the arbitrator? This statute doesn't provide it. The FAA does provide it. Yes, and it's established by common law, which is cited in the fund's brief, and it is inconsistent with the provisions of the FAA. Things like what, conflicts of interest? No, I'm sorry. Findings of fact are reviewed for clear error, and findings of law are reviewed de novo under . . . Just in an ordinary arbitration under the FAA. Yes. If an arbitrator misinterprets a statute, maybe, excusably, maybe it's a close call, but he misinterprets the statute, as you're alleging in this case, is that subject to review by a district court? I would defer to the specific situations in Section 10 of the FAA that . . . There's nothing in there that talks about if he misreads the statute. Right, it's like fraud or . . . It has to be extreme. He has to be out of the reservation, so to speak, before the court's going to review it. Right, and obviously that's inconsistent with the way MEPA cases have been decided. And that's inconsistent? The FAA is inconsistent with the provisions of MEPA and the way MEPA cases have been decided, the way arbitrators . . . yes. Well, where are you going to get the standard? We have a civil action filed. And you're filing a civil action. You're saying the arbitrator in this case misinterpreted the statute. And the defendant comes in and says, 12b-6. That doesn't state a cause of action. The federal court can't set aside the arbitrator's award because he misinterpreted a statute in the ordinary course. What do you say to that? I say that the standard of review under the FAA is inconsistent with the standard of review established under MEPA. That's what I'm asking. Where is the standard of review under MEPA? It's established by common law, and I . . . It's not in the statute, is it? No. Well, then it's not inconsistent. The FAA can't be inconsistent with this statute. This statute doesn't provide a standard of review. Do you agree with that? I mean, statutes overrule common law. That's a general proposition, isn't it? When a statute says something, that overrules common law. I don't believe that any party to this action is suggesting that the standard of review that's established pursuant to cases decided by this court and other courts, establishing the standard of review of an arbitrator's award subsequent to arbitration and a MEPA arbitration is anything other than . . . So you think we can review an arbitration award under the FAA for clear error? No. I didn't think so. I mean . . . I agree with you. Okay. That under the FAA, you're limited to Section 10. And nothing in this statute changes that standard of review in the statute? Not that I'm aware of. Okay. You've got some rebuttal time. We'll hear from Mr. Levin. Thank you. Good morning. May it please the Court, my name is David Levin, and I represent Penske Logistics and Penske Truck Leasing. Initially, I'd like to say that Section 4221, which is 29 U.S.C. 1401, B2 states that a party to the arbitration must bring an action within 30 days of the issuance of the award to challenge the award. No party to the arbitration brought an action within 30 days of the issuance of the award, whether they brought by complaint or by motion. Right. And that was one of the alternative bases that the district court issued its ruling on, and appellant hasn't replied to that at all, is that . . . Yes, Your Honor, that's correct. And so while I know that I would like the panel to make the decision about whether it's brought by motion or by complaint. In fact, since the appellant is the . . . What did they file? They filed a complaint within how many days? Twenty-eight days? No, Your Honor. Mr. Alexander filed a complaint within the 30 days of the issuance of the award. But the court found . . . Let's be fair. The fund brought it through Mr. Alexander as trustee. That was the name captioned. And it turns out that instead of having one trustee, you have to have all the trustees. Is that the argument you're making? No, it is not, Your Honor. What is the argument? One, first of all, the fund is not a party to this action. The Board of Trustees is a party to the appeal, and Mr. Alexander was the only plaintiff to the action that was filed within 28 days or within the 30-day period after the issuance of the award. The district court ruled that the only parties to the arbitration are the And the pension plan is not the Board of Trustees. They are defined differently. They have different roles. And therefore . . . Why isn't 15C just an automatic relation back in this case? It seems to me that we're talking about a ruling involving the fund. You have to sue the Board of Directors, the fund, through one trustee, file suit. The defect was that all trustees were not named, and so the amended complaint names them all. Why doesn't that relate back? If you will, first of all, I'm assuming that the action was supposed to be initiated by complaint because Rule 15 doesn't apply to motions. But by its terms, Rule 15 only can be used by a party. Mr. . . . That's what it says. And Mr. Alexander didn't amend. Mr. . . . The Board of Trustees filed a complaint that it called the amended complaint. And in addition, this court takes the position as the United States Supreme Court that Rule 15 is supposed to be applied according to its terms. And Rule 15, C1C, deals with the change of making a new defendant, not a new plaintiff. And C1B deals . . . We have a question. Let me just ask you a quick question. So the district court in this first case says you can amend the complaint within 21 days and just put in the whole Board of Trustees. And that's what they did. So why isn't that good enough? If you will, Your Honor, that's not what the . . . No one challenged that order. That order and that opinion is not before the court. But if you look, that's not what the district court ruled. The district court ruled, and it's very clear in the last page of the district court's opinion in the July ruling in 2013. The court said Mr. Alexander can amend. And it said, but the Board has to file suit unless Mr. Alexander had been authorized in the past, and he wasn't. Whether the right party is present. Let's just take the complaint. It says freight driver's fund by its trustee, William Alexander. That's in the complaint. That's correct. The amended complaint said freight driver's fund, again, same top, by its planned sponsor, the Board of Trustees. That's correct. So effectively, instead of having just trustee, they added the whole Board in the second complaint. The question is, weren't you on notice of every claim being made in this case when the complaint was filed? The answer to the question of whether we were . . . There's not even a doubt. There's absolutely no doubt that my client was on notice. But that's not what the rule says, and that's not who the party was. You have to go back under the jurisprudence of relation back. If you have party A, you sued Firestone, and then you say, oh, I got the wrong company. I meant to sue Goodrich. And then you sue Goodrich. There's no relation back. Goodrich is not under notice from the Firestone suit. But here, the same fund is suing through its trustee or trustees. And I can't believe that the Supreme Court wouldn't say that you were on full notice, which is the relation back standard. Except that the relation back standard only applies to C1A, B, and C. And C1A has nothing to do with this case. B and C actually . . . C1B says that you relate back if it's a new claim. It wasn't a new claim. C1C says that you relate back if it's a new defendant. What you're doing, with all due respect, would be to have a ruling by this court that says Rule 15 lets you relate back for a change of a plaintiff. And if you were to do that, not only is it inconsistent with the language in the statute, but there's a problem under 28 U.S.C. 2072. Because what you'd be doing is you would be eliminating or changing the authority of the substantive law. The substantive law says that the party to the arbitration has to file. Not someone who isn't a party. In fact, the district court dealt with this issue in a slightly different context and talked about it in terms of, well, couldn't . . . The question was whether 4301, which is 1451 in the United States Code, whether or not Section A, as to who has the authority to sue, which controls? 1401 or 1451? And the district court found that the only one who had the authority to sue, or the only ones, were the parties to the arbitration. The court wrote, well, gee, otherwise a participant could sue because participants can sue under 1451. And then you could have . . . The board could come in all of a sudden and say, okay, well, we want to sue too. And that's not the way the statute's written. And so if you look for your reading about notice, you have to jump past the notion of what the rule says. And I'll grant you that there was notice, and I'll grant you that my client was aware. But I didn't write this rule. And this rule says that a new defendant, and it's not a new defendant, or a new claim, and it's not a new claim. Does Rule 17 have any bearing on this? Isn't that the rule about you leave a reasonable amount of time to get the right plaintiff into the case? I appreciate your asking that about Rule 17. Since Rule 17 wasn't raised in any of the briefs that were filed in the district court, wasn't raised in the brief in chief, and was brought for the first time in the reply brief. In fact, you have a ruling, this court has a ruling, about the use of Rule 15 and Rule 17, it's in-town properties versus Wheaton van lines, in which a party, not a party to the action, attempted to use Rules 15 and 17 in order to become a party to the action and avoid a statute of limitations. And this court said it couldn't be done. It's a different context. And in addition, Rule 17, once again, if you could have somebody who wasn't the board of trustees, a non-party to the arbitration, could file a lawsuit and Rule 17 would let it proceed as if the board of trustees had filed, what you've done is you've changed the substantive law in ERISA. And this court said in United States versus. I want to make sure I understand what's going on procedurally. If we agree with what you're saying now, does that mean the district court was wrong in that first opinion, when the district court judge said, go ahead and amend the complaint? No, because if you, if you look at it, the district court, the district court said that Mr. Alexander could amend because the district court didn't know whether or not Mr. Alexander had been authorized on behalf of the board of trustees. That's right. Also said, or just put the trustees in now as a party. Well, if she'd said that, if the, if the judge had written that Mr. that Mr. Alexander could amend to include the board of trustees. If, if that's what the district court had said, the district court would have been right. That, that, that he could have, but that wouldn't have, wouldn't have created a relation back because the relation back. Why did she think there were still 21 days? That's, that's what I'm getting at. So time was up, right? There was no way it was too late. Nobody presented the issue of limitation of action to the district court. We presented it as a 12 B one motion on jurisdiction. And when this whole issue was raised, the judge said it was written out a whole cloth that the court hadn't, hadn't considered this issue. The only issue that the court had considered was the, was the issue of, of jurisdiction. That's what the court wrote in her, in her subsequent ruling. It wasn't time up regardless of what they did by the time of the ruling on the amended complaint. No. If, if in fact, Mr. Alexander had been authorized before he filed, assuming that they could have done it because the court said, assuming that they could have done it, if Mr. Alexander had been authorized before he filed, then he was really, then you really do have a mistake. Then it wasn't Mr. Alexander filing on behalf of the fund. It would have been Mr. Alexander filing on behalf of the board. And that's what it would have been, but there's nowhere in, in, in this record. Is there any allegation that Mr. Alexander was filed on behalf of the board? There's this, this is a member of the board. He was a member of the board. How many members of the board are there for, so he was one of four and what they effectively did is added three more. Well, I, I, that's, you can say it effectively that that's what it, but I submit to you that the board of trustees itself is not for individuals. The board of trustees itself is a body and has to act as a body 29 USC, one 85 and one 86. These are criminal statutes that require the board to act as a, I mean, this labor management group, a one trustee doesn't act on, on behalf of everybody. And the court itself asks this question. We didn't, we didn't brief it below. It wasn't analyzed below. What if a plaintiff sued Exxon and said Exxon, a general partnership of Maryland and Exxon came in and filed a motion dismiss. It's not the proper party. There is no such party as Exxon general partnership. And that person doesn't exist. And Exxon Corp was not served. Would the judge's allowance of amendment in that circumstance to allow Exxon Corp to sue, would that relate back? Is Exxon, if I understood correctly, Exxon in your example is the defendant or the plaintiff. So it makes a big difference. Oh, well defended as a defendant, of course, because that's what rule 15 says. Rule 15 addresses the issue of defendant and rule 17 actually does address the issue of, of, of, of, of if you will, a mistake, but, but this is an issue of, of a statutory requirement. The, you know, if you gave your example and you said it was actually, it was a patent issue in terms of the, of the, of the plaintiff or the defendant is jurisdictional issue. And I'm not, I looked, I couldn't find a single ruling of this court either way on this particular issue. I only found them in the second circuit on the use of rule 17, that it doesn't work. Rule 17 doesn't change a statutory requirement that requires a particular party to initiate an action. But as I say, I couldn't find any jurisprudence in this court on the issue. Council. I feel like I'm not entirely clear. So if you'll just permit me one more time. So when the district court says plaintiff may amend the complaint, provided that the board of trustees file suit on behalf of the fund, you think that was wrong, right? No, I think that's okay. Time's up and it doesn't relate back. So. Okay. Um, the, the re realize that the judge, the court below, if you, if you, we go back in time, the court below isn't presented with the issue of you have to file within 30 days. No, I don't think so. If the court, if the, if the plaintiff had done either of what, what the court suggests, the court says you can amend if you were authorized, that didn't happen. The court says you can amend if the board file suit and the board could have filed suit. If the board had filed suit, when at that point we would have moved to dismiss on, on a statute of limitations ground because the 30 days had passed, but the judge doesn't know this. The court, the court, when the court ruled the issue of the 30 days, wasn't even there. Why didn't you raise it in front of the district? Or what's the point of sandbagging everybody and making them go ahead and file. And then you'll say, aha, you were too late when you even thought to file it. We didn't know, first of all, we didn't know what the court was going to be ruling, but separate. And apart from that, the court ruled right after the court ruled, because the ruling that we saw was a 12 B one, a ruling that there was no jurisdiction. And the general rule is that if a court has no jurisdiction, the court can't allow an amendment because it has no jurisdiction to say, would you like to amend? And that was the way we approached it. If you look at our briefs below, we approached it as a 12 B one issue. And under 12 B one, there's no authority to amend. The court said that, well, you say it's a 12 B one, but I'm going to look at it as 12 B six. The court said, and with 12 B six, you can offer to amend, but that wasn't how we approached it. That wasn't how we filed. We filed it as a 12 B one action or as a. How do you get it under 12 B one? Because the court has no jurisdiction to hear this, the way we approached it, that the court had no jurisdiction to hear a claim by an individual who was not a party to the action. Well, then why is an appellant right? When they argue that equitable considerations are in their favor here because of the sandbagging as judge Harris mentioned. And then you also didn't raise the argument that a complaint was improper until after the amended complaint had been filed. We, we address this in our briefs below. First of all, if the two you mentioned sandbagging, there was no intention to sandbag anyone here. They, they, a complaint was filed. A complaint was filed by somebody who, who, who had no we did not think had standing and the court agreed didn't have standing. We approached it as a 12 B one issue. And as a 12 B one issue, it's up or down on whether or not there's jurisdiction. So, and although my name's not on it, I wrote those briefs and, and, and I wrote it as a 12 B one, because that's the way I understood it and didn't proceed beyond it because the rule is with 12 B one. And we wrote in our briefs, you can't have an amendment or change. And that's why we approached it that way. And by the way, when the issue came to court, the, the period, the 30 days had already passed. So it isn't, we weren't trying to sandbag anybody. When you say this about equitable considerations, first of all, the equitable considerations and what's the, the board of trustees hasn't asserted what equities are, what the equities are here. If you were to say that the equities are that, that the board of trustees got it wrong. And so let's let them do it over again. If you will, every case has equities. We, the, and so in our papers, the only, because the board didn't say what equities who was talking about, the only thing we looked at, and if I recall correctly, was the notion of equitable estoppel and with equitable estoppel, the two principles, did we, did we Penske do something that inhibited them from being able to comply with the law? And, and, and we, and we didn't. And, and this is, this wasn't a situation where Mr. Alexander filed. And when we filed our opposition that somebody hopped up and said, we made a mistake or we really meant it should have been. Yes. I'm looking at page 14 of the joint appendix. If you will, may I get it please? Page 14. That's the arbitration decision right there. That's right. And Penske is who you represent logistics and truck leasing, right? And the opposition or the other person is the fund. Is that right? That's what it says. We have been fighting about this issue for as long as these cases. Yes. It says for the fund. Now did anybody during the course of that arbitration say the fund was not the proper party for the arbitration? Yes. We've argued, I won't say since day one, this case has been going on. Look, look, stick with my question. Yes. During the arbitration, did the arbitrator address that? No. What did you say to the arbitrator? We filed papers that said, I wish I could say exactly. My recollection is it's in a number of different filings. So we have an arbitration award between Penske Logistics and the fund. And the fund now wants to set that aside. Could the fund make a statement that it was not the proper party to the arbitration and therefore the arbitration is illegitimate? No, because when we initiated the arbitration, and it's part of the record in the case that when we initiated the arbitration, the arbitration was initiated between Penske and the board of trustees. I understand, but the arbitrator decided it with the fund, right? I'm just looking here at page 14. I'm looking at it too. Okay. And they described the fund as a party in here. Yes. Well, why wouldn't that fund be able to come into court and challenge that? Because the statutory provisions says that only a party to the arbitration can, and a party to the arbitration has been defined under the regulations issued by the pension benefit guarantee corporation. This is more than just a form, a problem of form. Then it seems to me that the fund can come in and say, the arbitration award is not binding on it. It's only binding on the directors. We objected the arbitrator got the wrong party and therefore the arbitrations vacated. What about that argument? Yes, they could argue that. And would they be correct? No. All right. That's why we initiated the arbitration with the board. Thank you. Okay. Thank you, Your Honor. Did you just address that last, uh, exchange I had with Mr. Levin? Um, were you part of the arbitration? The fund was... No, were you? No. Do you know whether there was an issue raised as the proper part of the arbitration? I'm sorry. Yes. I was the attorney representing the client with regard to the arbitration. Uh, was there an issue as to the proper party raised? Um, Penske has alleged, although I don't believe it is in the arbitration proceedings, I believe it was before the Eastern district of Pennsylvania. And then subsequently before the third circuit, that the board of trustees had not made a determination sufficient to require arbitration of the proceedings of the underlying matter, uh, on which the fund prevailed, uh, because it issued determinations under MEPA in the name of the board of trustees. I mean, I'm sorry, in the name of the fund as opposed to the board of trustees. Oh, now let's go back to my question. My question was, did they raise that before the arbitration arbitrator? I do not believe that they have, uh, raised it specifically or the arbitrator has... Did they raise it, not have... I don't, I don't know. I, the, the arbitrator has not ruled on that issue. Well, I understand. And I don't believe, I don't... Well, it's in here, right? Yes. The only one that's been issued... I do not believe so. Oh, not in this, not, not in this arbitration. No. Not, not relative to this arbitration award. Is Mr. Levin right that this arbitration, uh, naming the fund as the other party is, uh, it's... Could, the arbitration could be vacated because they have the wrong party? I... I... believe that that would be something that would be able to, to be cured and I don't think that was the intent and... How could it be cured if they litigated against the fund, if the, if it was raised? If it was raised to the arbitrator, you've got the wrong party. You sued Shell instead of Exxon. And arbitration, and so the ju... arbitrator says, I don't care, I'm going ahead. We're going to, uh, arbitrate the Shell. And Shell loses. Couldn't they say, hold it, you've got the wrong party? Arbitration has to be vacated. I guess... the, the party could say that, that it was... Are you taking that position at all? We have not taken that position. And what is your response to whether the right party was before the arbitrator? I believe the right party was before the arbitrator. Who is the right party? I believe that in common parlance, the... the pension funds, uh, that are governed by ERISA are commonly referred to as the fund. And that there is a definition of a plan sponsor and, and that is the, the party that's referred to under MEPA. But that, um... Who is the plan sponsor of this? The Joint Board of Trustees. All right. How should we handle that in this case? Well, I, I actually believe that... And if you knew that, why didn't you sue on behalf of the Board of Trustees? It was, it was a mistake. And, um, a mistake that Judge Hollander gave the fund the opportunity to, to remedy. Um, she says at Joint Appendix... But at what time? 124. No, only as construed as a motion was it out of time. She says at Joint Appendix 124 that she gave the fund the opportunity to cure the statutory standing problem. And that doesn't have anything to do with, uh, whether the action should have been brought by motion or by complaint. But if, if we do construe it as a motion and that it should have been brought by motion, it was out of time, correct? Um, that was her, her finding. But, um... Well, what is your response? Because I haven't heard any. Okay. Um, we, we did put, um, our response to that in the reply brief. And it's, um, in reference to the... McClellan case. It's an, um, Eighth Circuit case, um, that said, um, and, and we cited in our brief, I'm sorry, our reply brief at page eight, note three, that at least two courts have recognized that the rules governing amendments of pleadings, uh, Rule 15 of the Federal Rules of Civil Procedure apply to amendments of motions to confirm or vacate an arbitration award pursuant to the FAA. Can I ask you a question about that? Yes. Um, just assuming, just several steps into it, but assuming it has to be a motion, um, and the district court said it's untimely, you have a counterargument for why it might well have been timely under the relation back rule. But the district court also held that you had waived that argument, right? And then it doesn't even show up in this court until your reply brief in a footnote. Is that argument properly before us? Um, the, I, um, I think that the fund took the position that, um, the complaint was proper and relates back. And it relates back. Yes. I understand. But so you, but you didn't address before the district court this alternative argument that look, even if it was supposed to be a motion, it's still timely. Well, we, I guess the fund's position is that we didn't know that she was going to rule that it was needed to be construed as a motion. It was untimely until... Because we didn't know how it was going to come out. Right. But this was an issue before the district court. Does it have to be a complaint or does it have to be a motion? Right. And instead of arguing, one, it has to be a complaint, but two, even if it has to be a motion, it's still on time. You've only argued one, right? And so the district court said, you've waived your right to argue that if it's a motion, it's still timely. That's what's troubling me, whether we can even reach that argument now. Um, I mean, she was saying you were supposed to argue in the alternative, and you didn't. I believe that the fund argued that, um, that the amended complaint cured the statutory standing problem and followed the letter of the law. We also argued that if it wasn't able to be cured, if it wasn't able to relate back, then the court shouldn't have granted leave to amend. You did argue that, yes. And... And that, as I take it, is sort of your equitable argument here today. Look, the district court told us, do this within 21 days. We did it within 21 days. Nobody objected to that order that we should do it within 21 days, so come on. And that there's no prejudice. No prejudice claimed. And that the complete record was attached to the complaint. Um, and so there is no delay. So that equitable argument is preserved, but maybe not this idea that, look, the motion was timely anyway under the authority of these other circuits. What's the theory that it's timely anyway? Um, basically that under the FAA, if you're initiating an action to enforce by motion, that that is, in effect, a pleading. And so amendment of a motion, although there's no specific provision in the federal rules, the federal rules governing pleadings or civil actions in Federal Rule of Civil Procedure 3... Federal rules make a clear distinction between a pleading and a motion. Right, but these cases, and including this court, um, have found that under the FAA, because you're required to initiate your action by motion, that that has the attributes of a pleading, at least for these relation-back... for these relation-back rules. So they... they construe 15C, which addresses pleading, to include motions? In the case of the FAA? In this case. In the case where an initiating action is required to be brought by motion. Well, what do we do then when the U.S. attorney files a motion to enforce a subpoena before the grand jury? Do we treat that as a pleading? Give a right to response? I don't know what the courts have held with regard to that. Okay. Thank you. Your time's up. We'll come down and greet counsel and then proceed on to the next case. Thank you.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Pamela A. Harris